# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Harold Bud Thomas**<br>1826 Lagundovie Rd.<br>Oregon, OH 43616<br><br>　　　　**Plaintiff,**<br>　v.<br><br>**Harris & Harris, Ltd.**<br>111 W. Jackson Blvd., Suite 400<br>Chicago, IL 60604<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>　　　　**Defendants.** | CASE NO.: _____<br><br><br><br>**JUDGE**<br><br><br>**COMPLAINT**<br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Harold Bud Thomas, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Harris & Harris, Ltd. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Harold Bud Thomas (hereafter "Plaintiff"), is an adult individual whose residence is in Oregon, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois business entity with an address of 111 W. Jackson Boulevard, Suite 400, Chicago, Illinois 60604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for Harris, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Harris at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Harris Engages in Harassment and Abusive Tactics**

12. Within the last year, Harris began contacting Plaintiff in an attempt to collect the Debt.

13. On or about May 22, 2019, Plaintiff sent a written cease and desist letter via facsimile to Harris requesting it cease placing calls to him.

14. In complete disregard of Plaintiff's request, Harris continued to place calls to Plaintiff in an attempt to collect the Debt.

15. Such action caused Plaintiff a great deal of frustration and distress.

**C. Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### (Violations of the Fair Debt Collections Practices Act) (15 U.S.C. § 1692, et seq.)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

20. Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

21. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

23. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA")) (O.R.C. § 1345.01, et seq.)

28. Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

29. Plaintiff is a "consumer" as defined by O.R.C. § 1345.01(D).

30. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

31. At all relevant times Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

32. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

33. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

34. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

35. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

36. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

37. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>August 2, 2019</u>

Respectfully submitted,

By: <u>  /s/ *Sergei Lemberg*         </u>

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Harold Bud Thomas

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

/s/ *Sergei Lemberg*
Sergei Lemberg, Esq.